# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS § | |
|     Plaintiff § | |
| v. § | Civil Action No.  4:19-cv-877 |
| § | Judge Mazzant |
| COOLPAD GROUP LTD., et. al, § | |
|     Defendants § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's letter brief moving to exclude Defendants' expert testimony on indefiniteness.  In response, Defendants submitted an opposing letter brief and moved to prohibit Plaintiff from offering rebuttal expert testimony.  Having considered the letter briefs and oral arguments, the Court finds that Plaintiff's motion should be **DENIED** and Defendants' motion should be **DENIED.**

### BACKGROUND

On August 28, 2020, Plaintiff submitted a letter brief arguing that Defendants "violated every one of this Court's rules regarding disclosure of indefiniteness theories."  Specifically, in their Patent Rule (P.R.) 3-3(d) invalidity contentions, Defendants identified 131 terms as invalid for indefiniteness, "without providing any particularized reason why."  In their P.R. 4-1 disclosure, Defendants "listed 194 claim terms," as needing construction "but did not say that any term should be found indefinite."  And in their P.R. 4-2 disclosure, Defendants summarized their expert's proposed claim construction testimony as providing:

> opinions with respect to the claim terms identified above in Defendants' P.R. 4-2 disclosure, including the basis for his opinions including supporting intrinsic and extrinsic evidence, as well as the knowledge of a POSITA.

Defendants' disclosures effectively "hide its true indefiniteness theories until the last minute," prejudicing Plaintiff's ability to rebut the arguments.

On August 31, 2020, Defendants submitted an opposing letter brief asserting that they had complied with the letter of each Local Rule and, in fact, Plaintiff's disclosures are deficient. Rules 3-3, 4-1, and 4-2, require a minimal amount of disclosure, which Defendants provided. It is only P.R. 4-3 that compels Defendants to explain their indefiniteness positions, which they timely provided with an expert declaration. In contrast, Plaintiff failed to disclose its expert witness under P.R. 4-2 and failed to explain its expert's testimony under P.R. 4-3.

On September 3, 2020, the Court heard oral argument.

## LEGAL STANDARD

"The Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice of information with which to litigate their cases." *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, No. CIV.A. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) (citation removed). The Rules are designed to "require parties to crystallize their theories of the case early in the litigation[.]" *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *1 (E.D. Tex. July 11, 2018). Contentions only need provide "adequate notice and information with which each party can litigate their cases." *Ultravision Techs., LLC v. Lamar Advert. Co.*, No. 2:16-CV-374-JRG-RSP, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017). The Rules are guardrails, not straitjackets.

Should a party fail to provide this necessary information, a court may impose any "just" sanction. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). That said, striking invalidity contentions "is an extreme decision comparable to determining

whether evidence should be excluded for discovery violations." *Eolas Technologies Inc. v. Amazon.com, Inc.*, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (citation removed).

## ANALYSIS

The issue before the Court is whether the parties adequately disclosed their invalidity contentions as to indefiniteness. The parties agree all contentions were timely; the dispute is whether their contents were sufficient.

### P.R. 3-3

Under P.R. 3-3, a party charged with infringement must identify "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) . . . of any of the asserted claims." P.R. 3-3(d).

Defendants complied with P.R. 3-3. As required, Defendants identified 131 terms as allegedly invalid for indefiniteness and thus provided Plaintiff's with adequate notice. Defendants' P.R. 3-3 disclosures are structured similarly to the invalidity contentions this court accepted in *Seven Networks v. Google*. No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *2 (E.D. Tex. July 11, 2018). What sufficed there, suffices here.

Plaintiff objects to the length of Defendants' disclosure. But "the breadth of Defendants' invalidity contentions is not a proxy for deficiency," and is a natural result of Plaintiff asserting 86 claims as infringed. *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 1275786, at *4 (E.D. Tex. Mar. 17, 2020) (denying motion to strike defendants' invalidity contentions).

Plaintiff's reliance on *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.* is unpersuasive. No. 14-CV-00876-RS(JSC), 2017 WL 5257001 (N.D. Cal. Nov. 13, 2017). As an initial matter, it is a Northern District of California case interpreting analogous N.D.Cal patent rules, when this

3

district has ample caselaw.  In *Karl Storz,* the court struck defendant's contentions that "all asserted claims" are invalid under 35 U.S.C. § 101, but upheld defendant's 35 U.S.C. § 112 contentions that identified specific claim terms as indefinite.  2017 WL 5257001, at *4-*6.  Here, Defendants' do not blanket assert that every word of every claim is invalid for indefiniteness.  While Defendants do not provide as thorough an explanation that the defendant in *Karl Storz* did for § 112 contentions, Defendants do not need to.  As stated, Defendants' perfunctory invalidity contentions comply with this court's opinion in *Seven Networks* and are therefore sufficient.

### P.R. 4-1

Under P.R. 4-1, "each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed or found indefinite by the Court[.]"  P.R. 4-1(a).  Afterwards, the parties shall meet and confer "for the purposes of finalizing this list, narrowing or resolving differences[.]"  P.R. 4-1(b).

Defendants complied with P.R. 4-1 by exchanging a list of 194 terms they contended should be construed by the Court.  By identifying specific claim terms for construction, Defendants provided Plaintiff with a more definite statement on its invalidity theories and thus provided notice.  While Defendants did not explicitly use the word "indefiniteness" in its P.R. 4-1 disclosure, Plaintiff was already on notice of Defendants' planned indefiniteness argument from the P.R. 3-3 disclosures.  The parties agree that the Court must first attempt to construe claim terms before it can find them indefinite; thus only the terms in Defendants' P.R. 4-1 disclosure could possibly be part of their § 112 argument.  *See HZNP Medicines LLC v. Actavis Labs. UT, Inc.*, 940 F.3d 680, 688 (Fed. Cir. 2019).  This provides adequate notice.

Plaintiff again seems to primarily object to the volume of contentions.  To be sure, 194 claim terms is a formidable list.  However, during the P.R. 4-1(b) meet and confer, Defendants

reduced that number to a more manageable list of 66 terms. Plaintiff's criticism of volume is "somewhat at odds with its own assertion of [86] claims against Defendants." *See Ultravision Techs., LLC v. Lamar Advert. Co.*, 2:16-CV-374-JRG-RSP, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017). The Rules ensure that "as the case progresses to trial, and as Plaintiff narrows its asserted claims," Defendants will narrow their contentions as well. *See id.* This iterative process of fine-tuning the parties' contentions is a feature of the Patent Rules, not a bug. By providing the "specific claim terms and the § 112 grounds pertaining to that term," Defendants provided sufficient notice for Plaintiff to prepare its case. *Id.* at *2. So long as Plaintiff was given adequate notice of Defendants' invalidity contentions under the Local Rules—which the Court finds it was—there is nothing improper about voluminous contentions. *See id.*; *Virginia Innovation*, 2020 WL 1275786 at *4.

**P.R. 4-2**

Under P.R. 4-2, "the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes." P.R. 4-2(a). Concurrently, the parties shall "provide a preliminary identification of extrinsic evidence" including "testimony of percipient and expert witnesses they contend support their respective claim constructions or indefiniteness positions." P.R. 4-2(b). For these witnesses, "the parties shall also provide the identity and a brief description of the substance of that witness' proposed testimony." P.R. 4-2(b).

The plain language of P.R. 4-2 requires each party to disclose its intent to rely on an expert's testimony at the time of disclosure; it is only P.R. 4-3 that requires disclosing the actual testimony. *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc*., No. 2:18-CV-00506-JRG, 2019 WL 8039081, at *2 (E.D. Tex. Nov. 22, 2019). While P.R. 4-2 requires "brief" descriptions of expert

5

testimony, these descriptions "should be sufficient to enable the opposing party to prepare expert testimony to oppose any other party's proposed claim construction or indefiniteness position as part of its P.R. 4-3 disclosures." *Id.* (citation removed).

Neither party's 4-2 disclosures provided much clarity to the other, beyond general notice of intent to rely on expert testimony and conclusory descriptions of that proposed testimony. Defendants provided a bare statement that their expert intended to testify as to the expert's "qualifications," the relevant POSITA, "applicable law," "the patents-in-suit generally," his "claim construction opinions," and "rebuttal of any expert proposed claim constructions[.]" (Dkt. #46-4 at 16). A brief description, indeed.

Considering Defendants' threadbare disclosure, Plaintiff's disclosure was comparable. In its P.R. 4-2 disclosures, Plaintiff asserted that it may put forward rebuttal expert evidence, if Defendants can present evidence on indefiniteness (Dkt. #46-5 at 18). Plaintiff did not name an expert, however, it specified that the yet-named expert would testify as to a POSITA's understanding that the disputed terms are sufficiently definite (Dkt. #46-5 at 18). Like Defendants, Plaintiff provided notice of its intent to rely on an expert's testimony. Plaintiff's thin disclosure is directly attributable to Defendants' own perfunctory disclosures. This does not absolve Plaintiff from failing to name its expert when Plaintiff had notice that Defendants intended to argue indefiniteness. However, it seems unreasonable for Defendants to complain that Plaintiff's 4-2 disclosure is inadequate when Defendants provided similarly spartan disclosures.

As neither party complied with the spirit of P.R. 4-2—enabling the other side to prepare opposing expert testimony—neither party may now complain about the other's unhelpful disclosures. *See Infernal Tech., LLC v. Sony Interactive Entm't Am., LLC*, 2020 WL 3050821, at

\*6 (E.D. Tex. June 8, 2020) (denying motion to strike expert testimony where both parties fell short of "best practices").

### P.R. 4-3

Under P.R. 4-3, the parties shall file a Joint Claim Construction and Prehearing Statement and "simultaneously serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position." P.R. 4-3(b).

At last, the parties must finally disclose their expert's proposed testimony in simultaneous exchange. *Uniloc 2017 LLC*, 2019 WL 8039081, at \*2. It is undisputed that Defendants complied by submitting their expert's declaration. However, in its 4-3 disclosure, Plaintiff only listed a "Potential Rebuttal Expert Declaration of Samuel J. Russ" with no further details (Dkt. #45-1). This is inadequate. Stating that Plaintiff may "potentially" rebut Defendants with an expert declaration—without any other information—is insufficient. *See Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*, No. 6:15-CV-134-JRG-KNM, 2016 WL 1741396, at \*6 (E.D. Tex. May 3, 2016) ("A party may not merely drop a hint that it may use such a declaration to support its briefing."). Plaintiff may not spring an expert's declaration with claim construction briefing when P.R. 4-3 explicitly requires "simultaneous" disclosure of expert testimony, even for rebuttal purposes. *See id.*

### The Court Finds Good Cause to Warrant Plaintiff's Supplementation

The Court finds there is good cause for Plaintiff to supplement its invalidity contentions with Dr. Russ's expert declaration. Under P.R. 3-6(b), Plaintiff may supplement its invalidity contention "only by order of the Court, which shall be entered only upon a showing of good cause."

7

P.R. 3-6(b).  A court has broad discretion in determining good cause and considers: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice."  *Seven Networks*, 2018 WL 4501952, at *4.

Good cause exists.  First, Plaintiff's failure to provide an expert declaration stems from uncertainty created by Defendants' minimal disclosures under P.R. 4-2.  Second, the Court has an independent obligation to properly construe terms and expert testimony can be extraordinarily helpful for this purpose.  *See Infernal Tech.*, 2020 WL 3050821, at *6.  Third, without the testimony, Plaintiff will be unable to rebut arguments regarding indefiniteness.  And fourth, Plaintiff has two months before the scheduled Claim Construction hearing during which it can disclose an expert declaration.  This provides adequate time to cure any prejudice inflicted on Defendants.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's motion to strike Defendants' expert testimony is **DENIED**.

It is further **ORDERED** that Defendants' motion to preclude Plaintiff from supplementing its P.R. 4-3 disclosure is **DENIED.**  Plaintiff may supplement its P.R. 4-3 disclosure with the rebuttal expert declaration of Dr. Russ by no later than **October 20, 2020.**

**SIGNED this 15th day of September, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE